IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. JASON PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY CORRECTIONAL FACILTY/BUSINESS OFFICE MANAGER, et al. | : : : | NO. 15-4205 |

## MEMORANDUM

**GOLDBERG, J.**                                                                                                     **SEPTEMBER 17, 2015**

      Plaintiff Jason Parker, a prisoner currently incarcerated at the State Correctional Institution at Frackville, brings this action pursuant to 42 U.S.C. § 1983, against the Montgomery County Correctional Facility and various prison officials based on their failure to provide him with a copy of his inmate account so that he could proceed with several lawsuits he filed in federal court. For the following reasons, the Court will dismiss the complaint.

I.     FACTS[1]

Parker was incarcerated at the Montgomery County Correctional Facility (MCCF) from December 23, 2014 through approximately April 30, 2015. He was subsequently transferred to the State Correctional Institution at Graterford and the State Correctional Institution at Camp Hill before he was ultimately transferred to the State Correctional Institution at Frackville.

      Since at least May of 2015, Parker began filing a series of civil actions in this Court. In each case, the Court denied Parker's initial motion to proceed in forma pauperis without prejudice for failure to comply with 28 U.S.C. § 1915(a)(2), which requires a prisoner seeking to proceed in

---

[1] The following facts are taken from the complaint and publicly available dockets of cases that Parker filed in this Court.

forma pauperis to provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."

When, at the end of June, Parker informed the Court that he was having difficulty obtaining his account statement from MCCF, the Court issued an order informing him that it was his responsibility to obtain his prison account statement, and noting that he could present the Court's order to an appropriate prison official to assist him in obtaining that documentation.[2] See, e.g., E.D. Pa. Civ. A. No. 15-3266 (Document No. 4). Rather than complying with the Court's orders or seeking an extension of time, Parker filed new cases that essentially duplicated cases he had already initiated. Compare e.g., Parker v. Momme, E.D. Pa. Civ. A. No. 15-2807 and Parker v. Means, E.D. Pa. Civ. A. No. 15-3266 with Parker v. O'Connor, E.D. Pa. Civ. A. No. 15-3475 and Parker v. Johnson, E.D. Pa. Civ. A. No. 15-3891. In approximately two-and-a-half months, he has filed at least fifteen cases in this Court in which he sought to proceed in forma pauperis, including the instant case. See E.D. Pa. Civ. A. Nos. 15-4205, 15-3891, 15-3841, 15-3840, 15-3839, 15-3819, 15-3513, 15-3512, 15-3475, 15-3474, 15-3388, 15-3266, 15-3265, 15-3264 & 15-2807. In late August, Parker ultimately provided copies of his prison account statement from MCCF in the vast majority of those cases. The account statement is dated July 29, 2015 and was presumably sent to Parker around that time.

---

[2] Judges in the Eastern District of Pennsylvania have used this practice to assist prisoners in obtaining the documentation required by 28 U.S.C. § 1915(a)(2) when the prisoner indicates to the Court that he has encountered difficulty and/or unreasonable delay. In the Court's experience, prisoners have been able to obtain their prison account statements in a reasonable period of time after presenting the Court order to an appropriate prison official. As Parker received his account statement shortly after the Court entered such an order in his cases, the practice also appears to have worked for him.

On July 20, 2015, having not yet received his prison account statement from MCCF, Parker initiated the instant civil action, pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights have been violated by officials at MCCF by their failure to provide him with his account statement.[3] The complaint alleges that, upon Parker's arrival at MCCF, he asked Anthony Bucci for a copy of his prison account statement. Bucci told Parker to fill out the in forma pauperis forms and that he would take them to the business office, but Parker did not hear back from the business office.

Parker claims that he never received a copy of his prisoner account statement even though he resubmitted his requests, complained to various prison inspectors, and sent letters from prisons in which he was subsequently incarcerated. He alleges that "the business manager is negligent in their [sic] duties and training provided from the Warden Julio Algarin and President Nancy T. McFarland are responsible for the gross misconduct, due to the negligent training and supervision." (Compl. ¶ II.D.) He further alleges that his constitutional rights have been violated because he "should be privy to these documents" and notes that "all this has caused panic and anxiety attacks because [he] believe[s] the government is out to ruin [him]." (Id. ¶ III.) Parker seeks millions of dollars in damages.

II.     **STANDARD OF REVIEW**

As Parker is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184

---

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The complaint reflects that Parker handed his complaint to authorities for mailing on July 20, 2015.

F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully," and is not satisfied by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. The Court must accept Parker's factual allegations as true and may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). As Parker is proceeding pro se, the Court will construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

The Court understands the complaint to be claiming that the defendants deprived Parker of his constitutional right to access the courts by failing to provide him with documentation he needed to proceed with his civil lawsuits. Prisoners retain a right to access the courts to pursue direct or collateral challenges to their sentences and to challenge their conditions of confinement. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). A prisoner claiming that the defendants' actions "have inhibited [his] opportunity to present a past legal claim[] . . . must show (1) that [he] suffered an 'actual injury' – that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Id. (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action[] . . . is an element that must be described in the complaint." Christopher, 536 U.S. at 415.

The complaint does not establish that Parker suffered an actual injury as a result of the defendants' actions. He has not described any non-frivolous cases that he was prohibited from

4

pursuing because he could not obtain his prison account statement. Furthermore, a review of the civil actions Parker filed in this Court establishes that he ultimately received a copy of his prisoner account statement from MCCF. As Parker has been permitted to proceed in the cases in which he submitted his account statement, he has not lost his opportunity to pursue any claims as a result of the defendants' behavior. While the Court does not condone the withholding of a prison account statement by prison officials, any delay in providing Parker with his account statement does not support a constitutional cause of action.[4] See Cox v. Jackson, 579 F. Supp. 2d 831, 849-50 (E.D. Mich. 2008) (prisoner's allegations that prison officials failed to timely provide an account statement "fail[ed] to state a viable access to courts claim, as '[s]tanding alone, delay and inconvenience do not rise to the level of a constitutional deficiency'" (quoting Griffin v. DeTella, 21 F. Supp. 2d 843, 847 (N.D. Ill. 1998)).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Parker will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002. An appropriate order follows.

---

[4] Although the complaint also references the Fourth Amendment, which prohibits unreasonable searches and seizures, and the Eighth Amendment, which prohibits cruel and unusual punishment among other things, the Court cannot discern a plausible basis for a claim under those—or any other—amendments. Nor can the Court discern any other plausible cause of action against the defendants from Parker's allegations.

5